Deaderick, J.,
delivered the opinion of the court.
The complainants are judgment creditors of defendant, Thomas Blackwell, and filed their bill in the Chancery Court at Huntingdon in May, 1866, to set aside an alleged fraudulent conveyance by said Thomas Blackwell to his son and co-defendant, Thomas H. Blackwell. The bill alleges that the defendant, Thomas Blackwell, the father, conveyed to his son Thomas H. Blackwell, for the fraudulent purpose of hindering and defeating his creditors in the collection of their debts, an undivided half of a certain tract of one hundred and thirty-five acres of land, and an interest of two thirds in a town lot described in said bill. The conveyance for the tract of land and the lot is exhibited with the bill, and shows that it was executed October 2, I860, and was registered upon the same day. At the time the conveyance was’ made the proof shows -that the vendee was but a few months over the age of twenty-one years. He had but recently returned from the army, and had no visible means wherewith he could pay the price, .$1,095, which he insists was paid, except $200 for which he gave his . note.
. The father was largely in debt, in fact insolvent, at the time of the conveyance, and it does not appear that any part of the price of the property was applied to the liquidation of his debts. On the contrary it *482 is claimed by father and son that the price of the property was absorbed in the payment of debts due from the father to the son except the $200, for which the son executed his note, and which it is claimed by him was paid before the filing of complainants’ bill. The debts to the son, according to the answer, consist of numerous advancements made by the son from “early boyhood” up the close of the war, when he returned to his farther’s house where he had always lived. It is needless to state the items constituting the aggregate amount claimed to have been paid. The specifications do not make the aggregate stated, nor do we regard the testimony of Wilkins and wife and others, who testify to the settlement between the father and son, and that notes were produced as tending in the slightest degree to show that the notes were in fact executed for any actual indebtedness. We are satisfied that the indebtedness did not really exist; that it was invented for the occasion, and that the conveyance was made to hinder and defeat the creditors of the father, and must be set aside and subjected to the satisfaction of complainants judgments and debts.
The Chancellor so held, and we affirm his decree.